```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLOVER POOL SUPPLY CO., INC.,

                    Plaintiff,           05-cv-6372T

          v.                             DECISION
                                         and ORDER
CLEAR CHANNEL BROADCASTING, INC.,

                    Defendant.
_____
```

INTRODUCTION

Plaintiff, Clover Pool Supply, Inc., ("plaintiff" or "Clover Pool") brings this action seeking damages for breach of contract from Clear Channel Broadcasting, Inc. ("defendant" or "Clear Channel Broadcasting")as well as damages and attorney's fees pursuant to New York General Business Law § 349. Defendant moves to dismiss the motion pursuant to Federal Rule of Civil Procedure 12(b)(6). In a cross motion, plaintiff moves to amend the summons and complaint.

For the reasons set forth below, the complaint against Clear Channel Broadcasting as a defendant is dismissed and Clover Pool's motion to amend is granted.

BACKGROUND

In 1998, Clover Pools, a local pool equipment supply company through its advertising agency entered into an agreement to

purchase advertising on WOKR-TV13 [1] ("TV-13"). Plaintiff alleges that under the term of the agreements, Clear Channel Broadcasting a Nevada based corporation, agreed to run advertising on TV-13 in designated time periods which would result in a specified number of rating points for each time period, based on the actual Nielson ratings book for Rochester, New York. However, post-analysis reports revealed shortcomings in undelivered rating points. In response to the shortfall, plaintiff maintains that Clear Channel Broadcasting committed to run additional advertising during subsequent time periods in order to compensate Clover Pools, to work off the undelivered rating points, and as inducement to continue contracting for additional advertising, known as cash buys. Plaintiff maintains that this was the course of dealing between the parties until December of 2004 when Clear Channel Broadcasting refused to run any more cash buy advertising and refused to run make-up weight advertising.

PROCEDURAL HISTORY

On July 15, 2005, plaintiff filed suit against Clear Channel Broadcasting alleging breach of contract and damages pursuant to New York General Business Law § 349. On September 12, 2005, Clear Channel Broadcasting moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that plaintiff had sued the

---

[1] WOKR-TV is now known as WHAM-TV.

wrong party.[2] On September 27, 2005, in response to defendant's motion, plaintiff moved to amend the summons and complaint by changing the defendant from Clear Channel Broadcasting to Central NY News pursuant to Federal Rule of Civil Procedure 4(a), 15(a) and 15(c).

## DISCUSSION

Rule 15(a) allows parties to amend their pleadings "by leave of court...and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). See Monahan v. New York City Dep't of Corrections, 214 F. 3d 275, 283 (2d Cir. 2000). Furthermore, "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." Monahan, 214 F.3d at 283.

Here, on July 15, 2005, the plaintiff sued "the wrong defendant." On September 12, 2005, the plaintiff learned of its error when the defendant moved to dismiss on that basis. To correct its error, on September 27, 2005, only fifteen days later, the plaintiff moved to amend the summons and complaint to substitute the identity of the proper defendant. Rule 15(a) of the Federal Rules of Civil Procedure allows for such amendments and corrections to be

---

[2] As made clear in defendant's moving papers, TV-13 is directly owned and operated by its licensee, Central NY News, a Washington based corporation and a subsidiary of the Ackerley Group, Inc. The Acklerey Group and Clear Channel Communications merged in 2002. Clear Channel Broadcasting is a subsidiary of Clear Channel Communications and has no apparent relationship to TV-13.

"freely given" in precisely this kind of circumstance. The plaintiff's quick response to amend its complaint when it learned of its error does not prejudice the defendant nor is there evidence of undue delay, bad faith, or dilatory motive towards the defendant. Therefore, the plaintiff is allowed to amend its summons and complaint and since Clear Channel Broadcasting is not a proper party, it is dismissed as a defendant.

## CONCLUSION

For the reasons set forth above, I grant plaintiff's motion to amend the summons and complaint. Plaintiff shall file an amended complaint, issue an amended summons, and serve both upon the correct defendant in accordance with the Federal Rules of Civil Procedure. Accordingly, the complaint against Clear Channel Broadcasting as a defendant is dismissed.

_____ALL OF THE ABOVE IS SO ORDERED.

_____S/Michael A. Telesca_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          January 19, 2006_____